APPEAL OF ROTHHOLZ EXAMINING & SHRINKING CO., INC.

*Docket No. 4844. Submitted December 7, 1925. Decided February 13, 1926.*

> A corporation taxpayer carrying on a business and using during the year shop and delivery equipment of the average book value of $11,713.62, *held* not a personal service corporation under the provisions of the Revenue Act of 1918.

*H. Earlton Hanes, Esq.*, for the taxpayer.
*J. A. Adams, Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency for the year 1921 in the sum of $835.08. The deficiency arose from the refusal of the Commissioner to classify the taxpayer as a personal service corporation and to allow it to set up additional salaries in an amended return.

### FINDINGS OF FACT.

1. The taxpayer is a New York corporation, with its principal place of business at Rochester, with a capitalization of $5,000, held as follows:

|  | Per cent. |
|---|---|
| J. A. Bakrow, president | 45 |
| F. M. Rothholz, secretary and treasurer | 45 |
| H. A. Friedman | 10 |

2. The taxpayer is engaged in the business of examining, shrinking, and waterproofing cotton and woolen goods, and its income is derived from services performed upon such goods. The said Rothholz and Bakrow, the principal stockholders, devoted all their time to the business of the taxpayer. Rothholz was an expert in waterproofing and sponging and the secret processes used therein. He was the only one connected with the taxpayer's business who had knowledge of this and personally supervised the operations. Bakrow was an expert in examining woolens, and he, together with Rothholz, personally examined each piece of goods worked upon. The goods worked upon were brought in by clothing manufacturers and returned after the treatment by the taxpayer.

3. The taxpayer operated a large plant and employed other labor to assist in the work. The wages paid for 1921 were $17,996.64. The value of the plant and equipment was as follows:

|  | Jan. 1, 1921. | Jan. 1, 1922. |
|---|---|---|
| Machinery and equipment | $7,941.24 | $8,480.34 |
| Furniture and fixtures | 873.08 | 873.08 |
| Auto trucks | 2,170.00 | 3,090.10 |
| Total | 10,984.32 | 12,443.52 |

The gross income for the year 1921 was $47,401.61, deductions, including salaries of members, $41,863.31, and net income $5,538.30.

4. The balance sheet of the taxpayer as of January 1, 1921, and January 1, 1922, is as follows:

|  | Jan. 1, 1922. | Jan. 1, 1921. |
|---|---|---|
| **ASSETS.** | | |
| Cash | $66. 41 | $24. 97 |
| Accounts receivable | 4, 236. 01 | 3, 718. 53 |
| Inventory | 268. 50 | |
| Personal | 10, 045. 01 | 4, 490. 14 |
| Machinery and equipment | 8, 480. 34 | 7, 941. 24 |
| Furniture and fixtures | 873. 08 | 873. 08 |
| Auto trucks | 3, 090. 10 | 2, 170. 00 |
| | 27, 059. 45 | 19, 217. 96 |
| **LIABILITIES.** | | |
| Notes payable | 3, 970. 10 | 5, 428. 00 |
| Accounts payable | 2, 207. 74 | |
| Reserve for machinery and equipment | 4, 750. 28 | 3, 902. 25 |
| Reserve for furniture and fixtures | 455. 48 | 368. 18 |
| Reserve for auto trucks | 1, 764. 52 | 1, 146. 50 |
| Capital stock | 5, 000. 00 | 5, 000. 00 |
| Surplus | 8, 911. 33 | 3, 373. 03 |
| | 27, 059. 45 | 19, 217. 96 |

5. The officers drew salaries for 1921 as follows:

J. A. Bakrow, president _____ $5. 145. 00

F. M. Rothholz, secretary-treasurer _____ 5, 145. 00

Total _____ _____ 10, 290. 00

They made further withdrawals as follows:

Bakrow _____ $3, 342. 43

Rothholz _____ 2, 067. 05

Total withdrawals by officers _____ 15, 699. 48

The Commissioner, for the prior year (1920), allowed officers' salaries of $15,700.

In the original return for 1921, filed by the taxpayer as a personal service corporation, the total officers' salaries were $10,290. Upon the Commissioner's refusal to classify the taxpayer as a personal service corporation, it filed an amended return for the taxable year 1921, showing officers' salaries in the sum allowed by the Commissioner for the prior year.

DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 15 days' notice, pursuant to Rule 50.

OPINION.

TRUSSELL: The business of examining, shrinking, and waterproofing cotton and woolen goods is a part of the manufacturing processes

by which such goods are converted into clothing and other articles suitable for the use of the wearers and users of such articles. In this process the element of personal service does not appear to materially differ from that of other manufacturing businesses in which the services of experienced men are required. The taxpayer's business needed and employed shop equipment, office furniture, and delivery equipment of an average depreciated value during the year in question of $11,713.62. This is capital, and it surely can not be said of this business that such capital did not materially contribute to the production of income. We are, therefore, of the opinion that this taxpayer was not, during the year 1921, entitled to classification as a personal service corporation.

In the course of its business during that year, the taxpayer authorized and paid to two of its principal officers salaries of $5,145 each, which amounts, in view of the figures of gross and net income, seem to be reasonable compensation for the services of such officers.